UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| JOSE JUAN ESPINOZA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. ASUNCION, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-01263-LB<br><br>**ORDER OF SERVICE**<br><br>[Re: ECF No. 1 ] |

## INTRODUCTION

Jose Juan Espinoza, an inmate at the Salinas Valley State Prison, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. He consented to proceed before a magistrate judge. (ECF No. 3.)[1] This action is now before the court for review of the complaint. This order finds the complaint states a cognizable claim upon which relief may be granted and orders service of process on several defendants.

## STATEMENT

Mr. Espinoza alleges the following in his complaint: On March 7, 2014, Mr. Espinoza was involved in a fist fight with inmates C. West and S. Pineda on the recreational yard at Salinas

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

Valley State Prison. Yard tower correctional officer J. Aboytes ordered inmates on the recreational yard to get down, and viewed the fight through binoculars and saw no weapons. (ECF No. 1 at 3.) Correctional sergeant R. Monroy, and correctional officers (C/Os) D. Murphy, R. Castillo-Ruiz, A. Avalos, J. Gutierrez, R. Morales and M. Morales responded to the scene of the fist fight. The responding staff did not use their pepper spray or other equipment to stop the fight. C/O M. Alvarez also was present. C/O "Murphy yelled from the yard several times, 'Shoot these mother fuckers, shoot them now!'" (*Id.*) C/O Aboytes fired two rounds from his mini-14 rifle at Espinoza, wounding Mr. Espinoza in the face/neck and the right arm/hand areas. C/O Aboytes had a 40mm launcher available to him, yet chose to use lethal force instead of this "lesser, non-lethal" option. (*Id.* at 4.) The correctional officers who had responded to the fist fight, as well as C/O M. Alvarez, "stood idly by" rather than attempting to stop the fight before Mr. Espinoza was shot. (*Id.* at 4, 6.)

Mr. Espinoza alleges that warden D. Asuncion, correctional captain N. Walker, correctional lieutenant L. Pennisi, Jr., and correctional sergeants R. Monroy and E. Mazariegos failed to train and supervise staff in the prison's Institutional Operation Procedure governing the application of non-lethal and lethal force during incidents between inmates without weapons; orchestrated the cover-up of this incident by advising staff to claim that great bodily injury was present to validate the use of lethal force; and destroyed video evidence from the yard cameras.

## ANALYSIS

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 317 (1986)). In determining whether the use of force was for the purpose of maintaining or restoring discipline, or for the malicious and sadistic purpose of causing harm, a court may evaluate the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. *See Hudson*, 503 U.S. at 7. Even prison officials who have not actually used force may be liable, if they have failed to intervene to prevent the use of excessive force on a prisoner. *See Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995).

Liberally construed, the *pro se* complaint states a cognizable Eighth Amendment claim against C/O Aboytes for shooting Mr. Espinoza. Liberally construed, the *pro se* complaint states a cognizable Eighth Amendment claim against sergeant Monroy, and C/Os Murphy, Castillo-Ruiz, Avalos, Gutierrez, R. Morales, M. Morales and M. Alvarez for failing to take steps that would have prevented C/O Aboytes from shooting Mr. Espinoza. *See Robins*. 60 F.3d at 1442.

A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Liberally construed, the *pro se* complaint states a cognizable claim against warden Asuncion, correctional captain Walker, correctional lieutenant Pennisi, and correctional sergeants Monroy and Mazariegos for their failure to adequately train and supervise, as well as for their alleged role in attempting to cover up the use of excessive force.

3

# CONCLUSION

1. Liberally construed, the complaint states a cognizable § 1983 claim against defendants Aboytes, Monroy, Murphy, Castillo-Ruiz, Avalos, Gutierrez, R. Morales, M. Morales, Asuncion, Walker, Pennisi, and Mazariegos for violating Mr. Espinoza's Eighth Amendment rights. All other defendants and claims are dismissed. .

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and amended complaint, a copy of all the documents in the case file, and a copy of the "consent or declination to magistrate judge jurisdiction" form upon the following defendants, all of whom apparently work at Salinas Valley State Prison:
    - D. Asuncion (warden)
    - N. Walker (correctional captain)
    - L. Pennisi, Jr. (correctional lieutenant)
    - R. Monroy (correctional sergeant)
    - E. Mazariegos (correctional sergeant)
    - J. Gutierrez (correctional sergeant)
    - J. Aboytes (correctional officer)
    - M. Alverez (correctional officer)
    - A. Avalos (correctional officer)
    - R. Castillo-Ruiz (correctional officer)
    - R. Morales (correctional officer)
    - D. Murphy (correctional officer)
    - M. Morales (correctional officer)

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **June 17, 2016**, the defendants must file and serve a motion for summary judgment or other dispositive motion. If the defendants are of the opinion that this case cannot be resolved by summary judgment, the defendants must so inform the Court prior to the date the motion is due. If the defendants file a motion for summary judgment, the defendants must provide to the plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012). If the motion is based on nonexhaustion of administrative remedies, the defendants must comply with the notice and procedural requirements in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

      b.      The plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon the defendant no later than **July 15, 2016**. The plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

      c.      If the defendants wish to file a reply brief, the reply brief must be filed and served no later than **July 29, 2016.**

4. The plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants [may make] a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998). If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he or she is seeking to have the case dismissed. A plaintiff faced with such a motion can oppose it using the same methods as described above for other summary judgment motions. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the case will be dismissed and there will be no trial.

5. All communications by the plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to the defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's

1 counsel has been designated, the plaintiff may serve a document by mailing a true copy of the
2 document directly to the defendant, but once a defendant is represented by counsel, all documents
3 must be mailed to counsel rather than directly to that defendant.

4     6.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No
5 further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required
6 before the parties may conduct discovery.

7     7.   The plaintiff is responsible for prosecuting this case. The plaintiff must promptly keep the
8 court informed of any change of address and must comply with the court's orders in a timely
9 fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant
10 to Federal Rule of Civil Procedure 41(b). The plaintiff must file a notice of change of address in
11 every pending case every time he is moved to a new facility or is released from custody.

12     8.   The plaintiff is cautioned that he must include the case name and case number for this case
13 on any document he submits to the court for consideration in this case.

14 **IT IS SO ORDERED.**

15 Dated: March 29, 2016

16 LAUREL BEELER
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE JUAN ESPINOZA,<br><br>    Plaintiff,<br><br>    v.<br><br>D. ASUNCION, et al.,<br><br>    Defendants. | Case No.  3:16-cv-01263-LB<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 29, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jose Juan Espinoza ID: E98719
Salinas Valley State Prison
PO Box 1050
Soledad, CA 93960

Dated: March 29, 2016

Susan Y. Soong
Clerk, United States District Court

By:_____
Lashanda Scott, Deputy Clerk to the
Honorable LAUREL BEELER